IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

Respondent,

v.

RODNEY REEP,

Petitioner.

Civil No.: 2:16cv420
Crim. No.: 2:02cr217-9

*MEMORANDUM OPINION AND ORDER*

## I. INTRODUCTION

Rodney Reep ("Petitioner") has submitted a motion pursuant to Title 28, United States Code, Section 2255 to Vacate Sentence by a Person in Federal Custody ("2255 Motion"). Having thoroughly reviewed the Parties' filings in this case, this Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's 2255 motion is **DENIED.**

## I. PROCEDURAL HISTORY

On March 6, 2003, the United States Attorney filed a Superseding Indictment in the Eastern District of Virginia against Petitioner on nine counts. ECF No. 1. On July 18, 2003, Petitioner was convicted on all nine counts. Count One charged Petitioner with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Cocaine Base and Heroin in violation of Title 21 U.S.C. § 846. ECF No. 33. Count Sixteen, Seventeen, Eighteen, Twenty-One, Twenty-Five, Twenty-Seven, and Twenty-Eight charged Petitioner with Possession with Intent to Distribute varying quantities of a Mixture and Substance Containing Cocaine in violation of Title 21 U.S.C. §§ 841(a)(1). *Id.* Count Twenty-Nine charged Petitioner with Felon in Possession of Firearm in Affecting Commerce Ammunition in violation of Title 18 U.S.C. § 922(g)(1). *Id.*

1

At sentencing, in light of Petitioner's prior Virginia convictions, the Court found that Petitioner is a "career offender" under the United States Sentencing Guidelines ("Guidelines") §§ 4B1.1(a) and 4B1.2(a). Petitioner was sentenced to 360 months imprisonment. ECF No. 49.

On January 25, 2008, Petitioner filed his first 2255 Motion to vacate his sentence. ECF No. 226. Petitioner's first 2255 Motion was denied on June, 23, 2009. ECF No. 284. On August 24, 2009, Petitioner filed a notice of appeal for his first 2255 motion. ECF No. 294. On August 5, 2010, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the District Court's judgment on the 2255 Motion. ECF No. 314. On July 08, 2016, Petitioner filed a motion pursuant to 28 U.S.C. § 2255(h) requesting authorization to file a second 2255 Motion. ECF No. 430. On July 8, 2016, the Fourth Circuit granted authorization to Petitioner to file a "second" 2255 Motion under Title 28 U.S.C. § 2255(h) because he made a prima facie case showing that the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), made retroactively applicable to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), may apply to Petitioner's case. *Id.* On July 8, 2016, Petitioner filed the instant motion. ECF No. 431. On March 27, 2017, Respondent filed their response to the instant motion. ECF No. 447. On April 28, 2017, Petitioner filed his reply. ECF No. 454.

## II. LEGAL STANDARD

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

> impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether a hearing is mandatory for a § 2255 Motion and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)).

### III. DISCUSSION

Petitioner moves this court to "correct" or "vacate" his sentence pursuant to § 2255. Petitioner argues his motion is timely under § 2255 (f)(3). In its analysis, the Court will address whether Petitioner's motion is timely pursuant to § 2255(f).

Pursuant to Title 28 U.S.C. § 2255(f), a petitioner has a one-year limitation to file this motion. 28 U.S.C. § 2255(f). This one-year limitation period varies depending on the circumstances. 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

3

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) *the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

Because Petitioner only asserts his motion is timely under § 2255(f)(3), the Court need not analyze whether Petitioner is timely under § 2255(f)(1), (2), or (4).

To be timely under § 2255(f)(3), Petitioner must show that 1) the Supreme Court has recognized a new right; 2) the right has been made retroactively applicable to cases on collateral review; and 3) he filed his motion within one year of the date on which the Supreme Court recognized the right. *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting § 2255(f)(3)). Specifically, § 2255(f)(3)'s limitation period begins from the date the Supreme Court first recognized a new right, not from the date said right was made retroactive. *Dodd v. United States*, 125 S. Ct. 2478, 2481-83 (2005).

In arguing timeliness, Petitioner asserts that *Johnson*'s newly recognized rule, retroactively made applicable by *Welch*, applies to § 4B1.2(a)'s residual clause. Petitioner specifically asserts that § 4B1.2(a)'s residual clause is unconstitutional because it contains identical language to the ACCA's residual clause from *Johnson*. This argument is unavailing.

In *Johnson*, the Supreme Court held the Armed Career Criminal Act of 1984's ("ACCA") residual clause under Title 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague in

4

violation of the Fifth Amendment's Due Process Clause. 135 S. Ct. at 2556-58. The Supreme Court specifically addressed the language of the ACCA's residual clause, which read, "[a] burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *Id.* at 2555-56 (emphasis in original). The Supreme Court reasoned that the statute's language required an indeterminate wide-ranging inquiry that denied "fair notice to defendants and invites arbitrary enforcement by judges" violating the twin concerns of the Fifth Amendment. *Id.* at 2557. Subsequently, the Supreme Court in *Welch* affirmed that *Johnson* announced a new substantive rule that retroactively affected "cases on collateral review." *Welch*, 136 S. Ct. at 1265.

Two years later, the Supreme Court in *Beckles v. United States*, 137 S. Ct 886, 890 (2017), considered whether the rule announced in *Johnson* also applied to § 4B1.2(a)'s residual clause. The Court held that § 4B1.2(a)'s residual clause, which read, "a burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another,*" was constitutional and not void for vagueness. *Id.* at 890-92 (quoting U.S.S.G § 4B1.2(a) (emphasis in original)). The Supreme Court noted that the Guidelines were initially binding on district courts, *Id.* at 894, but the Court in *U.S. v. Booker*, 125 S. Ct. 738, 746-48 (2005), rendered the Guidelines "advisory."

In *Booker* the Supreme Court addressed whether the Guidelines comported with the Sixth Amendment and found that the Guidelines, as they were written, were unconstitutional. *Id.* 18 U.S.C. §§ 3553(b)(1) and 3742(e) were specifically problematic because they made the Guidelines mandatory and unable to comport with the Sixth Amendment. *Id.* As opposed to invalidating the Guidelines as wholly unconstitutional, the court opted to sever and excise just these subsections. *Id.* By doing so, the Court rendered the Guidelines "advisory," to comport

5

with the Sixth Amendment. *Id.*

In light of *Booker*, the Supreme Court in *Beckles* reasoned that because the Guidelines merely advise a district court's decision in choosing an appropriate sentence, the Guidelines are not open to a vagueness challenge under the Due Process Clause. *Beckles*, 137 S. Ct. at 892.

Because Petitioner's argument rests upon the same clause at issue in *Beckles*, where the Supreme Court found that the Guidelines were not subject to a vagueness challenge, *Johnson*'s new rule is inapplicable in the instant case. Stated differently, Petitioner has not cited a rule recognized by the Supreme Court and made retroactively applicable to his case. Therefore, this motion is untimely under § 2255(f)(3). For these reasons, Petitioner's motion is denied.

### IV. CONCLUSION

For the reasons set forth above, Petitioner's motion is **DENIED**.

Additionally, because Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED.**

Norfolk, Virginia

June 30, 2017

/s/
Raymond A. Jackson
United States District Judge